UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CONTROVERSY MUSIC,
J. ALBERT & SON (USA) INC.,
YOUNG MAN MOVING, INC.,
EX VW, INC. and
COOL ROCK STUFF,

Plaintiffs,

v.

BANANA JOE'S OF MINNESOTA,
INC. AND JON FIELD,

Defendants.

CIVIL NO. 01-1419 (MJD/JMM)

REPORT AND RECOMMENDATION

The above matter came on for hearing before the undersigned on April 1, 2002 upon Plaintiff's Motion to Strike Certain Defenses and Dismiss Counterclaims [Docket No. 6]. Felicia J. Boyd, Esq. appeared on behalf of Plaintiffs; Thomas P. Harlan, Esq. appeared on behalf of Defendants. The matter is before the undersigned Magistrate Judge for a Report and Recommendation to the District Court pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B).

**FINDINGS OF FACT/REPORT**

The consideration of this Motion at this time is influenced by several factors. First, the standard of review is quite narrow. Second, the case pending in this Judicial District is one of three pending nationwide involving Banana Joe's, and the District Court in Ohio has already considered a motion similar to the one presently before the Court. Finally, superior alternative procedural means are available to consider the issues raised by this Motion. For these reasons, we recommend that this Court decline to reach the merits of the argument, and that it issue its Order parallel to the result reached by the District Court in Ohio.

APR 0 3 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## Standard of Review

When deciding a Rule 12(f) motion, the Court must accept the well-pleaded facts alleged by the non-moving party as true. Mille Lacs Band of Chippewa Indians v. Minnesota, 952 F. Supp. 1362, 1395 (D. Minn. 1997); Wright & Miller, 5A Federal Practice and Procedure Civ. 2d § 1380. The Court is to apply a narrow standard when it determines whether to grant a Motion to Strike under Rule 12(f) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(f) provides that the Court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

In Lunsford v. U.S., 570 F.2d 221 at 229 (8th Cir. 1977), the court described the standard for testing the sufficiency of a defense as follows: "A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear" (citing 2A Moore's Federal Practice P. 12.21 at 2437 (2d ed. 1975)). This Court has more recently stated the standard in this way: "The court may grant a motion to strike an affirmative defense only if no questions of law or facts exist and the defense sought to be stricken could not succeed under any set of circumstances." First Bank System, Inc. v. Martin, 782 F. Supp. 425, 426 (D. Minn. 1991) (citing Federal Deposit Ins. Corp. v. R-C Mktg. and Leasing, Inc., 714 F. Supp. 1535, 1541 (D. Minn. 1989)).

## Other Cases Pending

As noted earlier, this case is one of three pending cases involving Banana Joe's. An earlier case is pending in Akron, Ohio. Another case was recently brought in Pittsburgh, Pennsylvania. The District Court in Ohio has concluded that the defense of "failure to state a claim" (first defense herein) and "lack of subject matter jurisdiction" (ninth

defense herein) should be stricken, but that the other defenses should not be stricken "at this time." (Emphasis of the Court.) Defendant concedes that the ninth defense should be stricken, and does not offer persuasive argument in support of the first defense. Defendant also concedes that the tenth defense (that it has a licence from BMI) may be stricken.

**Superior Alternative Procedures**

We do not mean to suggest that this Court should refrain from considering an issue merely because it has been examined by another Court under other circumstances. But in this case it is a strong factor to consider with the other two factors which are uniquely present on this Motion. Given the narrow standard to be applied in the consideration of a Motion to Strike, and the fact that one Court has already considered that issue, concepts of judicial economy suggest that this court refrain from undertaking its own review, unless Plaintiffs would suffer prejudice by deferring substantive consideration of the Motion, and unless there is no alternative procedure available to protect Plaintiffs from prejudice. We are satisfied that alternatives are available.

In effect, Plaintiffs contend that Defendants are violating the provisions of Rule 11 by the assertion of, or the maintenance of, the challenged allegations. The procedures of Rule 11(c)(1)(A) are available for use by Plaintiffs, and would provide a superior process for considering the issues, both as to the timing of the consideration as well as the substantive issues. By following this process, Defendants will be afforded a "safe harbor" of time within which to reach decisions about whether to pursue their defenses and counterclaims, and will have the added incentive of avoiding the imposition of costs and attorneys' fees if they conclude that pursuing any of these pleadings is not consistent with their duties under Rule 11. To the extent Plaintiffs conclude that the relief

they seek is more in the nature of a summary judgment than a Motion to Strike or a Motion to Dismiss, they will be able to defer their request for judicial involvement to a time which is deemed suitable for the consideration of such a Motion.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Plaintiff's Motion to Strike Certain Defenses and Dismiss Counterclaims [Docket No. 6] be granted only as follows: the District Court should grant the Motion to Strike the first, ninth and tenth defenses in the Answer of Defendant, but the Motion should be denied, in all other respects, without prejudice.

Dated: April 3, 2002

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before April 18, 2002 a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before April 18, 2002.