**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Controversy Music, J. Albert & Son (USA) Inc., Young Man Moving, Inc. EX VW, Inc. and Cool Rock Stuff,<br><br>Plaintiffs,<br><br>vs.<br><br>Banana Joe's of Minnesota, Inc. and Jon Field,<br><br>Defendants. | **Civil No. 01-CV-1419 MJD/JGL**<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties to the above-captioned action, by and through their undersigned counsel of record, hereby stipulate and agree, and the Court hereby orders that:

1. This Order shall govern the production, use and disclosure of information and documents produced, used or disclosed in connection with the above captioned action ("the Action"), and designated in accordance with this Order by the parties to the Action or by third parties who produce or provide information or documents in connection with the Action. For purposes of this Order, the term "documents" shall be defined to mean all written, spoken recorded or graphic material whatsoever, including, but not limited to: documents (as defined in Fed. R. Civ. P. 34 and/or in discovery requests or subpoenas served in this action); responses to interrogatories, document requests, and requests for admissions; all testimony given in this proceeding, whether by deposition or otherwise, and all transcript copies thereof; and all information, digests, summaries, compilations and/or abstracts contained therein or derived therefrom.

2. As used herein, "Confidential Information" means any document that: (a) contains nonpublic commercial or proprietary information the public disclosure of which the producing party or third party reasonably believes could be detrimental to its interests; and

FILED 9-9-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

(b) is designated as "Confidential Information" by the producing party or third party either by the placement of a mark or stamp reading "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" at the time such document is produced or provided to the receiving party or parties, or as otherwise provided by this Order. No party or third party may designate a document "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" unless the producing party or third party reasonably believes that disclosure of the confidential information contained therein to officers, directors and managing agents of the receiving party could, notwithstanding the provisions paragraph 3 of this Order restricting use and disclosure of documents designated "CONFIDENTIAL," be detrimental to the interests of the producing party or third party. A preliminary production of documents for the purpose of inspection and designation for copying by a receiving party shall not constitute a waiver of confidentiality, even if those documents have not been marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." In such instance, the producing party or third party shall have ten (10) days from the date of production in which to designate such documents as confidential. If not so designated within that time frame, the documents shall be treated as non-confidential. If documents produced for the purpose of inspection and designation for copying have not been marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" prior to inspection by the receiving party or parties, such inspection shall be made by, and the documents and information contained therein shall be disclosed to, only outside counsel of record for the receiving party or parties and the associates, paralegals and secretaries of said counsel who are actively assisting such counsel in this action.

3. Confidential Information shall be used solely for the preparation, trial, appeal and/or settlement of the Proceedings, and for no other purposes, and under no circumstances other than those specifically provided for in this or a subsequent order of the Court shall the receiving party or parties disclose Confidential Information to persons other than the following qualified persons ("Qualified Persons"):

(a) Outside and in-house counsel for a party and employees of such counsel;

(b) Outside experts or professional advisers retained by a party to assist in the prosecution or defense of the Proceedings, and persons regularly employed in the offices of such experts or advisors if such employees have reasonable need to have access to such Confidential Information;

(c) Parties to this Action, and officers, directors, employees, or other representatives of such parties, who are actively assisting counsel in the prosecution or defense of this Action;

(d) Any persons of whom testimony is taken or to be taken in this case, except that such person may be shown Confidential Information during this testimony and in preparation thereof only to the extent necessary for such preparation or testimony;

(e) The author or recipient of a document containing Confidential Information solely with respect to that document;

(f) A person mentioned in a document containing Confidential Information solely with respect to that document;

(g) Any representative of the producing party or third party giving testimony in the Action; and

(h) The Court, Court personnel, and Court or deposition reporters transcribing testimony or hearings in this action. Provided, however,

(i) that, absent written agreement of the producing party or further order of the Court, a party receiving Confidential Information designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may disclose such information only to the Qualified Persons described in subparagraphs (a), (b), (e), (g) and (h);

(ii) that prior to disclosure any Confidential Information to any of the Qualified Persons described in subparagraphs (b), (c), (d) and/or (f) above, counsel shall furnish a copy of this Protective Order to them and obtain the written agreement of each such person, in the form attached as Appendix A, to be bound by the terms of this Protective Order. Such written agreements shall be maintained by the attorney disclosing information to such Qualified Persons, and shall be provided to the Court if so ordered; and

(iii) that all persons not qualified to receive a particular item of Confidential Information will be excluded from any deposition or Court proceeding during which that Confidential Information is disclosed.

4. The recipient of any Confidential Information shall maintain the Confidential Information in a secure and safe area, and the recipient shall exercise the same standard of due and proper care with respect to the storage, custody, use or dissemination of all such Confidential Information as is exercised by the recipient with respect to its own confidential information.

5. In the event counsel for any party determines to file with or submit to the Court any Confidential Information (by way of pleadings, motions, briefs or any other papers), the portion or portions of such submissions containing Confidential Information shall be filed in a sealed envelope on which a statement substantially in the following form shall be endorsed.

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**This envelope contains materials, namely, __________________, that are filed under seal pursuant to a Protective Order entered by the Court in Controversy Music, , J. Albert & Son (USA) Inc., Young Man Moving, Inc. EX VW, Inc. and Cool Rock Stuff. v. Banana Joe's of Minnesota and Jon Field: Civil No.01-CV-1419 MJD/JGL. These materials are not to be disclosed or revealed except to the Court and counsel for the parties, or as ordered by the Court.**

Nothing in this Order shall preclude any party from moving the Court to unseal any document filed under seal pursuant to this paragraph.

6. Confidential Information shall not be disclosed or made available, in whole or in part, whether in writing, orally, or by other means, to persons other than Qualified Persons, or the party who designated the Confidential Information, except as required by law, or by any judicial, governmental or administrative body under any law, regulation, or order; provided, however, that the party being required to disclose Confidential Information shall give ten (10) days prior written notice of such disclosure by certified mail to the attorneys of record for the producing party, unless the judicial, governmental or administrative body's law, regulation or order requires disclosure sooner, in which case the party required to disclose Confidential Information shall give notice by telephone as soon as practicable, but in any event before disclosure is made.

7. Testimony of a party or third party, or of an officer, director, agent, consultant, expert, and/or employee of a party or third party, whether elicited during depositions, hearings, or other proceedings, and any transcript of such testimony, shall be deemed Confidential Information from the time such testimony is given until the date twenty-one (21) days after receipt by the person giving testimony, or counsel for such person, of a transcript of the testimony. No portion of such testimony, or of the transcript of such testimony, shall be Confidential Information after the twenty-first day after such receipt of a transcript, unless, during the twenty-one day period following such receipt of a transcript, the person giving testimony, or counsel for such person, serves on counsel for all parties to this action written designation, by transcript page and line, of any specific portion(s) of the testimony to receive continuing status as Confidential Information.

8. Nothing herein shall prevent disclosure beyond the terms of this Order if the party or third party providing the Confidential Information consents to such disclosure, or if the Court, after notice to the affected party or third party, orders such disclosure. Further, nothing herein shall be construed: (a) to prevent any party or its respective counsel from making use of information which was lawfully in its possession prior to its disclosure by the producing party, (b) to apply to information which is a matter of public record, or is or becomes publicly known through disclosure that is not a violation of this Order, or (c) to apply to information which any party or its counsel has, since disclosure by the producing party, lawfully obtained or shall hereafter lawfully obtain from a third party having the right to disclose such information, or to information the party or its counsel independently developed.

9. The designation of Confidential Information under this Protective Order is intended solely to facilitate this proceeding, and such designation shall not be construed as an admission or agreement by any party or third party that such information constitutes or contains confidential, trade secret or proprietary information.

10. At the conclusion of litigation, all Confidential Information in the possession,

custody or control of the parties shall be returned to the producing party or third party, or, upon the agreement of all parties and third parties involved, destroyed . At that time, counsel for each receiving party shall certify in writing to counsel for each producing party or third party that (a) all Confidential Information, and all copies, summaries and abstracts of documents containing Confidential Information; and (b) all Confidential Information, and all copies, summaries and abstracts of documents containing Confidential Information, that the receiving party provided to Qualified Persons described in subparagraphs 3(b), (c), (d) and (f) have been returned to the producing party, or, if applicable, destroyed. At that time, counsel for each receiving party shall also furnish to counsel for all other parties and third parties a copy of the written agreement (in the form attached as Appendix A) executed by each Qualified Person described in subparagraphs 3(b), (c) and (d) to whom the receiving party disclosed Confidential Information of that party or third party.

11. The provisions of this Order are without prejudice to the right of (a) the party or third party providing Confidential Information to apply to the Court for an order imposing further restrictions on any given document or item of information, or (b) any party or third party to oppose production or admissibility of documents or information for any reason.

12. If the party receiving Confidential Information believes that a given document or item of information should not be treated as Confidential Information, or should not have been designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," the party receiving the Confidential Information shall notify the producing party or third party in writing and the parties shall attempt to resolve the matter between themselves. If the parties are unable to agree, the party contesting the designation of the information shall file a motion with the Court for the entry of an order that such document or item of information need not be treated as Confidential Information or should not be treated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." Until the Court enters an order, if any, changing the designation of the document or item of information, such document or information shall continue to be protected as provided for in this Order.

13. Nothing contained in this Order shall preclude any party from using its own Confidential Information in any manner it sees fit, or from revealing its own Confidential Information to whomever it chooses, without the prior consent of the other party or the Court.

14. The provisions of this Order will survive final determination of this Action.

IT IS SO ORDERED:

Michael J. Davis
United States District Judge

**Approved as to form and content:**

Dated: September 6, 2002

FAEGRE & BENSON LLP

Felicia J. Boyd, #186168
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Tel.: (612) 766-7000

Attorneys for Controversy Music, , J. Albert & Son (USA) Inc., Young Man Moving, Inc. EX VW, Inc. and Cool Rock Stuff.

Dated: September 3, 2002

DUNKLEY BENNETT CHRISTENSON & MADIGAN PA

Thomas P. Harlan, #210870
701 4th Avenue South
Minneapolis, MN 55415
Tel: (612) 339-1290
Attorneys for Banana Joe's of Minnesota and Jon Field

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.